AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06-227

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

_4-6-06_
(Date forms issued)

_____
(Signature of Party or their Representative)

_Jason Stowell_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIRIAM HYMAN, | ) | |
| | ) | C.A. NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| CHILD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. Plaintiff, Miriam Hyman, is an adult African American individual who resides at 1825 S. 23rd Street, Sigel Side Entrance, Philadelphia, PA 19145.

2. Defendant, Child, Inc. is a Delaware corporation with an address of 507 Philadelphia Pike, Wilmington, Delaware, 19809-2177

## JURISDICTION AND VENUE

3. This is a proceeding for declaratory and injunctive relief and monetary damages to redress the deprivation of rights secured to plaintiff by 42 U.S.C. §1981, as well as a breach of a contract claim and a common law claim brought pursuant to state law.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(3) and 1343(4), conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights. The Court's pendent jurisdiction of claims arising under Delaware law is invoked pursuant to 28 U.S.C. 1367(a).

5. Venue lies in this Court pursuant to 28 U.S.C. §1391 because defendant is subject to personal jurisdiction in this district.

## FACTS

6. On or about March 23, 2005 plaintiff, an African American, began employment with Child Inc. in the capacity as a part-time Child/Youth Service Worker at the Governor Charles L. Terry Jr., Emergency Home for Children and Youth.

7. As a part time employee Plaintiff was paid $10.00 per hour and was not provided, nor made eligible, for any other employment benefits, such as health care, retirement plan, etc, which benefits are offered to full time employee of the defendant.

8. The terms of the employment contract dictated that plaintiff would not work more than 25 hours per week, but in case of special need, not work more then 35 hours per week.

9. After completing her initial two week training period, despite the terms of employment, Plaintiff was always scheduled to work more then 25 hours per and at no time worked less than 30 hours per week and on several occasions worked more than 40 hours per week.

10. Plaintiff never complained about the scheduled hours, was otherwise a good employee and was always willing to give the extra effort towards her employer.

11. On or about May 25, 2005 Plaintiff, while performing her job duties at the Governor Charles L. Terry Jr., Emergency Home for Children and Youth was assaulted by a 13 year old male resident.

12. As a result of the injuries she received Plaintiff determined that she wished to immediately press assault charges against the youth. However, her supervisor's at Child, Inc. advised her that the policy of the employer was not to bring charges against residents

and that Child, Inc. would not support her in taking such action.

13. Subsequent to Plaintiff's termination Danielle Clayton, a Caucasian Child/Youth Service Worker filed a "criminal" complaint against a female resident, that is believed to be Hispanic, for a similar "incident" with a resident that occurred after the incident with Plaintiff in which Plaintiff had raised the issue of such a filing with Child, Inc. Ms Clayton suffered no adverse employee action as a result of her filing a charge.

14. Plaintiff felt that something needed to be done regarding the improper behavior of the resident and when Child, Inc. Failed to take any steps to address the residents inappropriate behavior she went ahead and on June 7, 2005 and pressed charges.

15. On or about May 27, 2005 Plaintiff wrote a letter to her supervisors at the Governor Charles L. Terry Jr., Emergency Home for Children and Youth, Robbie MacDonna and Nicole Russo. That letter requested, for the first time that plaintiff be permitted to work the part-time hours for which she had been hired in order that she be allowed to fulfill an prior commitment which she had undertaken prior to her employment with Child, Inc. and which Child, Inc. was aware of at the time she was hired. Defendant never responded to the request.

16. On or about June 3, 2005, without cause or reasonable justification Child, Inc. terminated Plaintiff's employment on an immediate basis.

## COUNT I.

### RACIAL DISCRIMINATION UNDER 1981.

16. The averments of paragraphs 1 through 15 are incorporated be reference as if fully set forth at length.

17. Defendant's action constitute a violation of 42 U.S.C. 1981.

WHERFORE, Plaintiff requests legal and equitable relief including:

a) injunctive relief angainst further acts of discrimination and requring Defendnat to provide employment discrimination training to its employees;

b) front pay;

c) back pay with interest;

d) compensatory damages for Plaintiff's humiliation, aniety, emotional distress, costs for therapy and medication, lost wages and benefits;

e) punitive damages;

f) attorneys fees and costs.

## COUNT II.

## **BREACH OF CONTRACT**

18. The averments of paragraphs 1 through 17 are incorporated be reference as is fully set forth at length.

19. Defendants breached the terms of its employment contract with Plaintiff by requiring her to regularly work more then the maximum hours per work allowed as set forth in her employment agreement and then in the first instance that Plaintiff requests that she be allowed to work only the part-time hours for which she was employed, immediately terminating her employment without cause or reasonable justification.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant awarding Plaintiff damages arising as a result of the breach, including attorneys fees and costs and such other relief ans the Court deems just and necessary under the circumstances.

## COUNT III

## BREACH OF THE STANDARD OF GOOD FAITH AND FAIR DEALING

20. Paragraphs 1 through 19 are incorporated herein by reference.

21. Defendants discharge or termination of Ms. Hyman was a breach of the public policy of the State of Delaware and was therefore, a breach of the covenant of good faith and fair dealing implied in her employment contract.

22. As a direct and proximate result of the breach of the covenant of good faith and fair dealing implied in its contract with Ms. Hyman by defendant, Ms. Hyman has suffered, is presently suffering and will continue to suffer lost income and benefits, lost future wages, loss of professional stature, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary and non-pecuniary losses.

23. Defendants wrongful misconduct was malicious, reckless, willful and wanton. Defendants are therefore liable to Ms. Hyman for punitive damages

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant awarding Plaintiff damages arising as a result of the breach, including punitive damages, attorneys fees and costs and such other relief ans the Court deems just and necessary under the circumstances

NOLTE & ASSOCIATES

**R. STOKES NOLTE, ESQUIRE**
ID No. 2301
Nolte & Associates
1010 N. Bancroft parkway Suite 21
Wilmington, DE  19805
(302) 777-1700
Attorney for Plaintiff

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Minam Hyman

**DEFENDANTS**
CHILD, INC.

(b) County of Residence of First Listed Plaintiff: Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number): R. Stokes Nolte
Nolte Associates, 1010 N Bancroft Pkwy, Suite 21
Wilmington, DE 19805  (302) 777-1700

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1981
Brief description of cause:
Wrongful Termination based on Race

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____