## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIRIAM HYMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 06-227-SLR |
| v. | : | |
| | : | |
| CHILD, INC., | : | TRIAL BY JURY DEMANDED |
| | : | |
| Defendant. | : | |

### ANSWER OF DEFENDANT, CHILD, INC., TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

1. Denied.

2. Admitted.

### JURISDICTION AND VENUE

3. Denied.

4. Denied.

5. Denied.

### FACTS

6. Admitted.

7. Admitted.

8. Denied to the extent that these allegations are not consistent with the terms of plaintiff's letter of appointment.

9. Denied.

10. Denied.

11. Denied.

12. Denied as stated.

13. Denied as stated.

14. Denied as stated.

15. Admitted that there exists a document dated May 27, 2005 marked to the attention of Robbie MacDonna and Nicole Russo. The remaining allegations are denied as stated.

16. Denied.

## COUNT I

### RACIAL DISCRIMINATION UNDER § 1981

16. [sic] Defendant, Child, Inc., incorporates herein by reference paragraphs 1 through 16 above inclusive as though the same were set forth at length.

17. Denied.

WHEREFORE, defendant, Child, Inc., demands that plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of defendant, Child, Inc., and against plaintiff, together costs and such other relief as the Court deems appropriate.

## COUNT II

### BREACH OF CONTRACT

18. Defendant, Child, Inc., incorporates herein by reference paragraphs 1 through 17 above inclusive as though the same were set forth at length.

19. Denied.

WHEREFORE, defendant, Child, Inc., demands that plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of defendant, Child, Inc., and against plaintiff, together costs and such other relief as the Court deems appropriate.

## COUNT III

## BREACH OF THE STANDARD OF GOOD FAITH AND FAIR DEALING

20. Defendant, Child, Inc., incorporates herein by reference paragraphs 1 through 19 above inclusive as though the same were set forth at length.

21. Denied.

22. Denied.

23. Denied.

WHEREFORE, defendant, Child, Inc., demands that plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of defendant, Child, Inc., and against plaintiff, together costs and such other relief as the Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute and/or period of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff was terminated for cause.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the terms of her letter of appointment.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff was an at-will employee subject to termination with or without cause under applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief in the form requested.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to front pay.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to back pay with interest.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compensatory damages for plaintiff's humiliation, anxiety, emotional distress, costs for therapy and medication, lost wages and benefits.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorney's fees and costs.

### THIRTEENTH AFFIRMATIVE DEFENSE

The alleged deprivation of civil rights did not result from a breach of any duty owed by defendant to the plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, defendant acted without malicious intent and in good faith, with a reasonable justification or belief in the legality and lawfulness of its actions, and its actions were reasonable considering all of the circumstances.

### FIFTEENTH AFFIRMATIVE DEFENSE

Answering defendant's alleged actions or omissions were not the cause in fact or proximate cause of the harm alleged by the plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff's injuries and damages, if any, were caused by intervening and superseding acts or omissions of third parties.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff's injuries and damages, if any, are unrelated to any actions or omissions on the part of answering defendant and resulted from acts, occurrences or conditions for which the answering defendant is not responsible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant did not engage in prohibited employer conduct.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff was not deprived of any rights secured by the United States Constitution or any federal, state or local statute.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant at all times material to plaintiff's Complaint acted properly, in good faith and within its legal authority.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the doctrines of estoppel, waiver and/or laches.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Claims for back pay or front pay by plaintiff must be offset by any wages or benefits received since the time of her separation from employment or which could have been earned in the reasonable exercise of diligence to mitigate her claim for damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages are barred in whole or in part by the failure of plaintiff to mitigate her damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead additional affirmative defenses as warranted by continuing investigation and discovery.

WHEREFORE, defendant, Child, Inc., demands that plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of defendant, Child, Inc., and against plaintiff, together costs and such other relief as the Court deems appropriate.

        **MARSHALL, DENNEHEY, WARNER,**
        **COLEMAN & GOGGIN**

**BY:** */s/ Kevin J. Connors*
        **KEVIN J. CONNORS, ESQUIRE**
        **Delaware Bar I.D. No. 2135**
        **1220 North Market Street, 5th Floor**
        **P.O. Box 8888**
        **Wilmington, DE 19899-8888**
        **Attorney for Defendant,**
        **Child, Inc.**
        **(302) 552-4302**

DATED: July 24, 2006
\15_A\LIAB\KJCONNORS\LLPG\366255\TABURLEIGH\01124\00101

**CERTIFICATE OF SERVICE**

I hereby certify that I have served upon all persons listed below a true and correct copy of the ANSWER OF DEFENDANT, CHILD, INC., TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES in the above-captioned matter this date by CM/ECF.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

**BY:** */s/ Kevin J. Connors*
**KEVIN J. CONNORS, ESQUIRE**
Delaware Bar I.D. No. 2135
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
Attorney for Defendant,
Child, Inc.
(302) 552-4302

DATED: July 24, 2006
\15_A\LIAB\KJCONNORS\LLPG\366255\TABURLEIGH\01124\00101