IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIRIAM HYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-227-SLR |
| | ) | |
| CHILD, INC., | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |

**REPLY BRIEF OF DEFENDANT, CHILD, INC., IN RESPONSE TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S ANSWER TO MOTION OF DEFENDANT, CHILD, INC., FOR SUMMARY JUDGMENT**

Defendant, Child, Inc., hereby responds to Memorandum of Points and Authorities in Support of Plaintiff's Answer to Motion of Defendant, Child, Inc., for Summary Judgment as follows:

1. Defendant, Child, Inc. asserts that there is no genuine issue of material fact that would prevent entry of summary judgment in its favor. Summary judgment may be entered if "the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). If evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. *Anderson*, 477 U.S. at 249; *Equimark Comm. Finance Co. v. C.I.T. Financial Serv. Corp.*, 812 F.2d 141, 144 (3d Cir. 1987). Moreover, the standard is not satisfied if the non-movant provides merely a scintilla of evidence

supporting its position. *Anderson*, 477 U.S. at 252. The Court will enter summary judgment if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323. When a motion for summary judgment is made and supported as provided in Fed. R. Civ. P. 56, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e). In discrimination cases, the United States Court of Appeals for the Third Circuit has explained a court's role is "to determine whether, upon viewing all the facts and inferences to be drawn therefrom in the light most favorable to the plaintiff, there exists sufficient evidence to create a genuine issue of material fact as to whether the employer intentionally discriminated against the plaintiff." *Hankins v. Temple Univ.*, 829 F.2d 437, 440 (3d Cir. 1987).

2. Plaintiff's Memorandum of Points and Authorities, D.I. 24, filed in response to Defendant, Child, Inc.'s Motion for Summary Judgment with Memorandum of Points and Authorities, D.I. 20, fails to provide any substantive basis for denial of Child, Inc.'s Motion for Summary Judgment. Plaintiff has supplied no Affidavits in support of her opposition, and she has cited only one reference to her deposition testimony, which supports the fact of her agreement to work more hours.

3. Contrary to plaintiff's assertion, plaintiff has not established a prima facie case of racial discrimination under 42 U.S.C. § 1981. In order to establish a prima facie case of discrimination plaintiff must show that she: 1) is a member of a protected class; 2) was qualified

for the position; 3) suffered an adverse job action; and 4) was treated differently than employees who are not members of the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Specifically, plaintiff has not shown that similarly situated employees outside the protected class were treated differently. The only support that plaintiff has offered is that subsequent to her termination, she "learned that a Caucasian employee of Defendant was similarly assaulted by a Latino resident." The sole allegation that she was terminated while a Caucasian employee was not is insufficient to demonstrate that plaintiff's termination occurred under circumstances that give rise to an inference of discrimination. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 646 (3d Cir. 1998) ("a black plaintiff cannot establish racial discrimination by singling out one white person who was treated more favorably when there were other white persons who were treated less favorably than other black persons"). Plaintiff has offered no evidence that the two incidents were in fact similar or that the Caucasian employee was in fact similarly situated. The incident involving the Caucasian employee was in fact quantitatively different from the incident involving plaintiff. *See Byrd v. The May Department Stores Co.*, 457 F.Supp.2d 516, 520-521 (D. Del. 2006). In the present instance, plaintiff had restrained a resident with mental health problems. To co-workers, the resident appeared terrified of plaintiff. See Affidavit of Robbie MacDonna Hoosty. Plaintiff appeared to be picking on the resident by refusing to wash his clothes, which contravened Child, Inc.'s policy of requiring plaintiff and other similarly situated employees of Child, Inc. to wash residents' clothing, which policy was recorded in meeting minutes. *Id.* Plaintiff's unauthorized restraint of the male resident contravened Child, Inc. policies regarding same, which were communicated to her, not only in the initial interview, but by Ms. MacDonna Hoosty and in mandatory training which plaintiff missed in part. *Id.* Plaintiff had also acknowledged the existence of an anti-

corporal punishment policy by signing it.  *See* Child, Inc. Policy Regarding Child Abuse/Neglect In Children's Emergency Home Care dated March 22, 2005.  Child, Inc. did not want plaintiff to press charges against the white minor resident because plaintiff herself handled the incident inappropriately by restraining the resident in contravention of Child, Inc. policy.  *See* Affidavit of Robbie MacDonna Hoosty.  The white minor male resident had emotional problems and his conduct on the date of the incident could have been addressed more appropriately by patience and discussion between plaintiff and the minor resident rather than by the use of physical restraint and contact.  *Id*.  Plaintiff has not asserted any facts to support her contention that the Caucasian employee was "similarly assaulted".  She has made only conclusory allegations that the Caucasian employee was "similarly assaulted" and was treated more favorably than she was because she was not terminated.  Plaintiff has proffered no evidence to support her allegations.  She has not established a prima facie case by showing that the Caucasian employee was a similarly situated employee outside of her protected class.  It merely strains credulity to argue that a Caucasian employee engaging in the same conduct as plaintiff would not also have been terminated.  Because she has failed to provide any evidence that the incident involving the Caucasian employee was similar to her incident and because plaintiff has failed to provide any evidence of a difference in the way she was treated and the way in which white employees would be treated if they had engaged in the same or similar conduct, plaintiff's racial discrimination claim cannot stand.  This Court has previously held that a "plaintiff's conclusory assertion that he was treated differently by itself is insufficient to raise an inference of discrimination."  *Locke v. Gambacorta Buick, Inc.*, 2004 U.S. Dist. LEXIS 14950, at *10-11 (D. Del. 2004)(citations omitted).  Accordingly, plaintiff has not satisfied her burden of establishing a prima facie case of discrimination under the fourth prong of the *McDonnell Douglas* test.  There are no genuine

issues of material fact in this regard. Therefore, Child, Inc.'s Motion for Summary Judgment should be granted.

4. Even assuming, arguendo, that plaintiff could establish a prima facie case, her claim would falter under the third prong of the *McDonnell Douglas* framework. Under the third prong, plaintiff must prove by a preponderance of the evidence that defendant's explanation for why plaintiff was treated differently than the Caucasian employee was a pretext designed to camouflage racially-motivated employment practices. Plaintiff, however, has failed to establish the presence of such a pretext from the facts at bar. Nothing in the record suggests that Child, Inc.'s proffered explanation was designed to cover up discriminatory employment practices. Rather, to the contrary, Child, Inc. has offered legitimate neutral reasons for terminating plaintiff. The evidence demonstrates and supports Child, Inc.'s assertion that plaintiff's discharge was the result of an accumulation of issues, including her desire to set her work schedule, her absence from mandatory staff meetings, and her inability to carry out and fulfill her employment duties. Plaintiff's only rebuttal evidence is her own assertion that she was discharged because of her race. Plaintiff cannot rebut Child, Inc.'s position solely by reference to her own self-interested assertions. There is nothing in the record to show that Child, Inc. would not have discharged a Caucasian employee as a result of the accumulation of these same issues. Nor is there anything in the record that shows that the accumulation of these issues was not a legitimate reason for plaintiff's termination. Because plaintiff has not met her burden of showing that Child, Inc.'s assertions concerning plaintiff's job performance are unworthy of credence, Child, Inc. is entitled to summary judgment.

5. In addition, plaintiff's counts of breach of contract and breach of the implied covenant of good faith and fair dealing must fail because plaintiff has no evidentiary support.

Under Delaware law, employees are generally deemed "employees at will". *Dial v. AstroPower, Inc.*, 2000 Del. Super. LEXIS 324, at *3. However, an exception to the at-will presumption has been carved out when there is a breach of the covenant of good faith and fair dealing, but for this exception to apply, a plaintiff must establish that he or she falls into one of four exclusive categories. *Id.* at 441-444. Irrespective of the category implicated, a claim for the breach of duty of good faith and fair dealing requires employer conduct amounting to fraud, deceit, or misrepresentation. *See Peterson v. Beebe Med. Ctr., Inc.* 1992 Del. Super. LEXIS 454, at *5, *aff'd* 1993 Del. LEXIS 142. Plaintiff has failed to establish that the employer's conduct amounted to fraud, deceit, or misrepresentation. Moreover, plaintiff testified that she had agreed to work the additional hours. *See* Deposition of Miriam Hyman at 20-21. By agreeing to work these additional hours, plaintiff essentially agreed to a modification of her contract. *See L.H. Doane Associates, Inc., v. Seymour*, 1985 Del. LEXIS 589 (a contract for employment at-will may be modified by the parties' course of conduct). Plaintiff's termination as an "at-will" employee did not constitute an interference with her enjoyment of the benefits, privileges, terms or conditions of her contractual relationship since she had no right to remain at Child, Inc. Plaintiff's desire to set her own schedule, her absence at mandatory staff meetings, and her inability to carry out and fulfill her employment duties are separate, distinct and legitimate reasons for plaintiff's discharge. No reasonable jury could find that plaintiff was discharged from Child, Inc. because of her race.

WHEREFORE, for the reasons set forth herein and in defendant's Motion for Summary Judgment and memorandum of Points and Authorities, defendant, Child, Inc. respectfully moves this Honorable Court to enter summary judgment in favor of Child, Inc. and against plaintiff.

                MARSHALL, DENNEHEY, WARNER,
                COLEMAN & GOGGIN


BY:   */s/ Kevin J. Connors*
      Kevin J. Connors, Esquire – I.D. # 2135
      1220 N. Market Street, 5th Floor
      P.O. Box 8888
      Wilmington, DE 19899
      (302) 552-4302
      Attorney for Defendant, Child, Inc.

DATED: October 23, 2007
15/542043.v1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIRIAM HYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-227-SLR |
| | ) | |
| CHILD, INC., | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Kevin J. Connors, hereby certify that two (2) copies of the **REPLY BRIEF OF DEFENDANT, CHILD, INC., IN RESPONSE TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S ANSWER TO MOTION OF DEFENDANT, CHILD, INC., FOR SUMMARY JUDGMENT** in the above-captioned matter have been served by E-File and regular U.S. mail to the following:

R. Stokes Nolte, Esquire
Nolte & Associates
1010 N. Bancroft Parkway, Suite 21
Wilmington, DE 19805

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

    BY: __/s/ *Kevin J. Connors*
        Kevin J. Connors, Esquire – I.D. # 2135
        1220 N. Market Street, 5th Floor
        P.O. Box 8888
        Wilmington, DE 19899
        (302) 552-4302
        Attorney for Defendant, Child, Inc.

DATED: October 23, 2007

Case 1:06-cv-00227-SLR    Document 27    Filed 10/23/2007    Page 9 of 9